| | |
|---|---|
| STATE OF MAINE<br>PENOBSCOT, SS | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. CV-09-002 |

ANTON K. SAMAAN,

    Plaintiff,

v.

ST. JOSEPH HOSPITAL,
and DAVID KAPLAN,
M.D.,

    Defendants.

**COMPLAINT FOR PROFESSIONAL NEGLIGENCE and/or MEDICAL MALPRACTICE**

NOW COMES the Plaintiff, Anton K. Samaan, by and through his attorneys, Daniel G. Lilley Law Offices, P.A., and complains against the defendants as stated below:

### Facts Pertinent to All Counts

1. Anton K. Samaan is an adult male who, at all material times hereto, has been a resident of the borough of Brooklyn, City of New York and State of New York.

2. Mr. Samaan is a native of Alexandria, Egypt, who immigrated to the United States in 1986. Mr. Samaan is a naturalized U.S. citizen, and maintains dual citizenship in both the United States and Egypt.

3. Prior to January 2006, Mr. Samaan was mainly employed in construction and as a locksmith in and around Brooklyn, New York. In the year immediately prior to 2006, Mr. Samaan was hired by a government/ national security contractor to perform translation between Arabic languages and English languages.

4. On or about December 2005 to January 2006, Mr. Samaan, who is a Christian, had returned to his native Egypt to spend the holidays with his family. On or about January 14, 2006, Mr. Samaan began his return flight from Egypt to New York City.

5. The first leg of Mr. Samaan's return flight took him from Cairo, Egypt to Milan, Italy. Mr. Samaan changed planes in Milan, and boarded Al Italia flight # AZ604 bound for JFK Airport in New York City.

6. Al Italia flight # AZ604 was delayed in its departure from Milan, Italy by approximately 20-30 minutes.

7. While en route from Milan to JFK Airport in New York City, Mr. Samaan exited his seat and headed toward the plane's galley for a cup of tea.

8. Prior to leaving his seat, Mr. Samaan had been viewing his in-flight video screen/ television.

9. When Mr. Samaan reached the galley area of the plan, he was confronted by a flight attendant who told him that he appeared sick. The flight attendant asked Mr. Samaan to sit down while he called a doctor. There were three (3) doctors on board.

10. At approximately 11:30 AM, Mr. Samaan was seen by a doctor who diagnosed a likely stroke in progress. The physician promptly notified the pilot that the plane needed to be diverted to the nearest destination for emergency treatment of Mr. Samaan's likely stroke.

11. Mr. Samaan reached the emergency department at St. Joseph Hospital not later than 12:40 pm. Mr. Samaan was never administered tissue plasmiogen activator (t-Pa).

12. The standard of care for treatment of acute ischemic stroke called for the administration of tissue plasminogen activator within three (3) hours of the onset of stroke symptoms.

13. Mr. Samaan has endured severe deficits as a result of the ischemic stroke he suffered on 01/14/06.

## Professional Negligence

14. Plaintiffs incorporate the allegation contained within Paragraphs 1 through 13 as if fully set forth herein.

15. Plaintiffs assert that Dr. Kaplan and St. Joseph Hospital were responsible for his care while in the emergency department at St. Joseph Hospital.

16. The Plaintiff asserts that the defendants, individually and/or collectively, failed to to meet the applicable standards of medical care in the diagnosis and treatment of an acute ischemic stroke.

17. The plaintiff asserts that as a result of the failure of defendants to appreciate the onset of acute ischemic stroke within the medical standards of care, that Plaintiff did sustain injury and damages.

18. As a direct and proximate cause of defendants' failure to adhere to the medical standards of care, Anton Samaan has suffered damages.

## Negligent Infliction of Emotional Distress

19. Plaintiff incorporates the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20. St. Joseph Hospital, its employees, agents and assigns, failed to adhere to the standards of care for the diagnosis and treatment of ischemic stroke patients.

21. Defendants failed to appreciate the likely onset of ischemic stroke in Anton Samaan, and failed to meet the standard of care by failing to administer tissue activator plasmiogen (t-PA), in accordance with the standard of care.

22. As a direct and proximate result of defendants' failure to administer t-PA, within the standard of care, Mr. Samaan has suffered severe damages.

WHEREFORE, the Plaintiff respectfully prays against all Defendants for damages in an amount that will justly and fairly compensate him for the damages incurred, and for such additional relief as the court may deem just and appropriate.

DATED at Portland, Maine this 16th day of December, 2009.

_____
John P. Flynn, III, Esq.
Maine Bar No. 8462

**Attorneys For the Plaintiff**
DANIEL G. LILLEY LAW OFFICES, P.A.
39 Portland Pier
P.O. Box 4803
Portland, Maine 04112-4803
(207) 774-6206