UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANTON K. SAMAAN, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ST. JOSEPH HOSPITAL, et al., )<br>)<br>      Defendants. ) | CV-09-656-B-W |

**ORDER ON PLAINTIFF'S MOTION TO REMAND OR REMOVE**

The Court denies the Plaintiff's motion to remand to state court because the unanimity requirement has been met and it denies the Plaintiff's motion for transfer to Brooklyn, New York of a case he initiated in Bangor, Maine.

**I.    STATEMENT OF FACTS[1]**

On January 14, 2006, Anton K. Samaan was returning to New York City from Egypt when he was struck ill. A flight attendant noticed that he appeared sick and at 11:30 A.M. a physician who was on board thought Mr. Samaan was showing signs of a stroke and recommended the flight be diverted to the nearest destination for emergency treatment. The plane landed in Bangor, Maine and Mr. Samaan reached the emergency department at St. Joseph Hospital at 12:40 P.M. The standard of care for treatment of an ischemic stroke calls for the administration of tissue plasminogen activator (t-Pa) within three hours of the onset of the stroke, but St. Joseph Hospital failed to administer the t-Pa at all and Mr. Samaan has endured severe deficits as a result of his ischemic stroke.

On December 16, 2009, Mr. Samaan filed a medical malpractice suit in the state of Maine Superior Court in Penobscot County, which is located in Bangor, against St. Joseph Hospital and

---
[1] The Court recounts the facts as alleged in the Plaintiff's Complaint.

David Kaplan, M.D., an emergency room physician. *Compl.* Attach. 1 (Docket # 1). On December 31, 2009, Dr. Kaplan filed a Notice of Removal, removing the case from state to federal court based on diversity of citizenship.[2] Dr. Kaplan answered the Complaint on January 11, 2010; St. Joseph Hospital did so on January 13, 2010. *Def. David Kaplan, M.D.'s Ans. to Compl.* (Docket # 5); *Def. St. Joseph Hospital's Ans. to Pl.'s Compl.* (Docket # 8).

On January 26, 2010, Mr. Samaan moved for an order remanding the case to Maine Superior Court or in the alternative to have the case transferred to the United States District Court for the Eastern District of New York on the basis of *forum non conveniens*. *Pl.'s Mot. to Remand* (Docket # 9) (*Pl.'s Mot.*).[3] On February 10, 2010, Dr. Kaplan and St. Joseph Hospital objected to Mr. Samaan's motion and on February 16, 2010, Mr. Samaan replied. *David Kaplan, M.D.'s Objection to Pl.'s Mot. to Remand or for "Removal" to the Southern Dist. of N.Y.* (Docket # 12) (*Kaplan Obj.*); *Def. St. Joseph Hospital's Objection to Pl.'s Mot. to Remand or for Removal* (Docket # 13) (*Hospital Obj.*); *Pl.'s Reply*.

II. **DISCUSSION**

    A. **Motion to Remand**

        1. **The Parties' Positions**

The basis of Mr. Samaan's motion to remand is the asserted failure of the defendants to comply with the so-called unanimity requirement. *Pl.'s Mot.* at 2-3. Noting that, although Dr. Kaplan consented to the removal, St. Joseph Hospital did not do so within the thirty day period

---

[2] The Notice of Removal asserts that Mr. Samaan is a resident of the state of New York, that Dr. Kaplan is a citizen of the state of Maine, that St. Joseph Hospital is a not-for-profit corporation incorporated under the laws of the state of Maine with a principal place of business in the state of Maine, and that the amount in controversy exceeds $75,000.00. *Notice of Removal* (Docket # 1); *see* 28 U.S.C. §§ 1332(a)(1), 1441(a) (permitting removal of cases where the federal court would have had "original jurisdiction").

[3] Mr. Samaan initially requested that the case be transferred to the Southern District of New York but later clarified that he meant the Eastern District of New York. *Pl.'s Reply to Defs.' Objections to Pl.'s Mot. to Remand at 5* (Docket # 14) (*Pl.'s Reply*).

required by 28 U.S.C. § 1446(b), Mr. Samaan says that the case must therefore be remanded to state court. *Id.*

Dr. Kaplan says that he removed the case only after consulting with the Hospital's counsel and obtaining its consent. *Kaplan Obj.* at 2. He contends that the Hospital consented to removal in a number of ways: 1) by filing an Answer within the thirty day period for objection and not objecting to the removal, 2) by opposing the motion to remand, and, 3) by agreeing to removal before Dr. Kaplan removed. *Id.* In its response, the Hospital's counsel confirms that before filing the Notice of Removal, Dr. Kaplan's counsel contacted him and obtained his consent to removal. *Hospital Obj.* at 1. Both Dr. Kaplan and the Hospital rely on the recent First Circuit case, *Esposito v. Home Depot USA, Inc.*, 590 F.3d 72 (1st Cir. 2009), to support their contention that they substantially complied with the unanimity requirement.

In reply, Mr. Samaan says that the procedural requirements for removal "cannot be ignored or trivialized." *Pl.'s Reply* at 2. He distinguishes *Esposito* by observing that the two defendants in *Esposito* were represented by the same defense counsel. *Id.* at 4. He also stresses that the procedural defect cannot be later cured. *Id.* at 4-5.

    2.  *Esposito v. Home Depot USA, Inc.*

The First Circuit recently addressed the unanimity requirement of 28 U.S.C. § 1446 in *Esposito*. Under the removal statute, a defendant in a state court action "may remove the action to federal court so long as the plaintiff could have originally filed the action in federal court." *Esposito*, 590 F.3d at 75. Mr. Samaan makes no claim that he could not have filed this cause of action in federal court. However, as *Esposito* notes, where the action involves multiple defendants, "the right to removal is "subject to the so-called 'unanimity requirement.'" *Id.* "[S]ubject to a few exceptions not applicable here, all defendants must consent to remove the

3

case for removal to be effected." *Id.* The *Esposito* Court observed that a defendant "may express its desire to remove by signing the notice of removal filed by co-defendants," but "the consensus among courts is that conduct less explicit than joining the notice will suffice." *Id.* at 76.

The First Circuit did not attempt to answer the broad question of what conduct on the part of co-defendants will suffice to meet the unanimity requirement. Nevertheless, the facts in *Esposito* inform the Court's disposition of this motion. In *Esposito*, the plaintiff filed a cause of action against three defendants in state court and served one on March 17 and the other two on March 21, 2006. *Id.* at 74. On April 3, 2006, two of the defendants filed a notice of removal in the United States District Court. *Id.* On April 13, 2006, the third defendant filed an answer in federal court. *Id.* On May 3, 2006, the plaintiff moved to remand the matter back to state court. *Id.* Each of the defendants, including the third defendant, opposed the motion to remand. *Id.*

The *Esposito* Court concluded that the later opposition to the motion to remand was sufficient to meet the unanimity requirement:

> Although mindful of the principle that removal statutes are to be narrowly construed, we nevertheless are not inclined to establish a wooden rule, regardless of whether such a rule would have the benefit of promoting clarity. And in this particular case, even assuming that Home Depot's answer failed to satisfy the unanimity requirement, resulting in a technical defect in the removal process, the defect was subsequently cured when Home Depot opposed Esposito's remand motion, thereby clearly communicating its desire to be in federal court. Because this cure occurred prior to the entry of summary judgment, a remand to the state court was not required.

*Id.* at 76-77 (internal citations omitted). In support of the statement that Home Depot cured any defect by opposing the plaintiff's motion to remand, the First Circuit cited *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195 (6th Cir. 2004). In *Harper*, three defendants filed a notice of removal on August 14, 2002, and on August 28, 2002, the plaintiff moved to remand because

4

one of the defendants had not joined in the removal and had not filed his consent.  This defendant, however, objected to the motion to remand on September 19, 2002.  In language quoted with approval by the First Circuit, the Sixth Circuit wrote that "the fact [the defendant] subsequently opposed [the plaintiff's] motion to remand cured any purported defect in the removal petition."  *Harper*, 392 F.3d at 202; *Esposito*, 590 F.3d at 77.  The situation here is indistinguishable from *Harper* on this point, and contrary to Mr. Samaan's contention, the First Circuit does allow a district court to conclude that a defendant has cured a purported defect in the unanimity requirement by filing a later opposition to a motion to remand.

The First Circuit made plain in *Esposito* that it was disinclined to adopt a "wooden rule," *id.* at 77, and whether the defendants complied with the unanimity rule should be considered in light of its underlying rationale:

> The requirement of unanimity serves the interests of plaintiffs, defendants and the judiciary. Plaintiffs are advantaged, because, were the right to removal an independent rather than joint right, defendants could split the litigation, forcing a plaintiff to pursue its case in two separate forums. Defendants also stand to benefit from the requirement, as it precludes one defendant from imposing his choice of forum on a co-defendant.  And the unanimity requirement prevents the needless duplication of litigation, thereby preserving court resources and eliminating the unattractive prospect of inconsistent state and federal adjudications.

*Id.* at 75 (internal citations omitted).

### 3. Conclusion

Here, giving due regard to the policies underlying the unanimity requirement, the Court concludes none is violated by retaining the lawsuit.  If the Court retains jurisdiction, Mr. Samaan cannot reasonably claim that he will be required to split the litigation between federal and state courts, and as both Defendants have agreed to removal, there is no suggestion that one is imposing its jurisdictional will on the other.  Finally, from the viewpoint of judicial efficiency,

the retention of this case in federal court does not present the prospect of potentially inconsistent dual litigation.

*Esposito* made it clear that the district court, acting within its discretion, could have ordered the case remanded. Based on *Esposito*, the Court would have the authority to remand in view of St. Joseph's silence during the thirty day period. *Id.* at 77 (stating that if the district court had found a breach of the unanimity requirement and remanded the case to state court, the circuit court would have been "powerless to review" the decision). By the same token, the First Circuit also made it clear in *Esposito* that the district court's decision to retain the case did not constitute legal error. Here, in the exercise of its discretion and mindful of the reasons underlying the rule, the Court concludes that the unanimity requirement has been met by the Hospital's opposition to the motion to remand and denies Mr. Samaan's motion to remand.[4]

### B.     Motion to Transfer

Mr. Samaan's motion to transfer the case to the Eastern District of New York is inexplicable. Under 28 U.S.C. § 1404(a), the Court has the authority to transfer a case to another district "where it might have been brought," and presumably because Mr. Samaan was and is a resident of Brooklyn, New York, he might have brought this action in the United States District Court for the Eastern District of New York. But this conclusion only begins a *forum non conveniens* discussion under § 1404(a). *Interface Partners Int'l, Ltd. v. Hananel*, 575 F.3d 97, 101 (1st Cir. 2009) (noting that the first *forum non conveniens* factor is whether an alternative

---

[4] With this said, the Court rejects Dr. Kaplan's characterization of Mr. Samaan's motion to remand as a "ploy." *Kaplan Obj.* at 2. On December 30, 2009, the First Circuit in *Esposito* reminded counsel that "it is undoubtedly the better practice for a defendant who wants to be in federal court to join the removal notice explicitly, either by signing the notice itself or by filing its consent." *Esposito*, 590 F.3d at 77. The First Circuit also pointed out that the defendant who does not consent explicitly runs "the risk that the district court might find a breach of the unanimity requirement and remand this action to state court." *Id.* The Hospital simply ignored this recent practice pointer from the First Circuit, failed to expressly consent during the thirty day period, and gave Mr. Samaan the opportunity and right to challenge the Court's retention of the case. That the Court exercised its discretion in favor of retention does not make Mr. Samaan's motion a "ploy" nor does it make the Hospital's inattention commendable.

6

forum addresses the types of claims the plaintiff has brought and whether the defendant is amenable to service of process there).

>The classic statement of the relevant factors remains Justice Jackson's:
>
>If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name.  An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant.  Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action, and all other practical problems that make trial of a case easy, expeditious, and inexpensive.  There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Interface Partners*, 575 F.3d at 101.

What makes this motion odd is that it was Mr. Samaan who decided to pursue his medical malpractice case in the state of Maine and to file his Complaint in Penobscot County Superior Court in Bangor.  The Defendants' removal of the case to the United States District Court in Bangor has no discernable impact on the Plaintiff's initial choice of forum.  In fact, the cases that address a motion for transfer under forum non conveniens invariably assume it is the defendant making the motion.  *Id.* at 101 (stating "[w]hen a defendant moves for dismissal on forum non conveniens grounds . . .") (quoting *Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir. 2000)).

Applying the *Gulf Oil* factors, there are many reasons the case should not be transferred to New York.  The incident took place in Bangor.  The emergency room physician who performed the treatment and the hospital where Mr. Samaan was admitted are both in Bangor.  Any other hospital personnel who were involved in his care were and likely are in Bangor.  The medical records and the originals of any diagnostic tests are in Bangor.  As the treatment occurred in Maine, Maine malpractice law will apply and the federal court in Maine is better able

7

to address any legal issues that arise under Maine law than a federal court in New York. Finally, any judgment against either defendant would be enforceable in Maine. It is true that Mr. Samaan returned to his residence in New York, and presumably received treatment there, so some witnesses may reside in New York, but the defendants affirmed that they accept the burden of New York witnesses. In short, Mr. Samaan initiated the case in Maine, he chose his forum, he has given no good reason for judicial interference with his decision, and he must abide by his choice.

### III. CONCLUSION

The Court DENIES the Plaintiff's motion to remand and motion to transfer (Docket # 9).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th day of February, 2010