UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANTON K. SAMAAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-09-656-B-W |
| | ) | |
| ST. JOSEPH HOSPITAL, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO EXCLUDE EXPERT WITNESS AND MOTION FOR ORAL ARGUMENT**

On September 7, 2010, Anton K. Samaan moved to exclude all of Defendant's expert witnesses except Dr. Paul Nyquist on the ground that the Defendant's designation of other experts violates the "one-issue-per-issue-per-side" rule. *Pl.'s Mot. to Limit Defs.' Expert Witness* (Docket # 43). Dr. Kaplan responded that he has designated two expert witnesses to testify about two distinct issues: 1) Dr. Dennis McKenna, "an expert in the practice of emergency room medicine, to testify about issues related to whether Dr. Kaplan made an appropriate medical judgment in withholding t-PA as therapy;" and, 2) Dr. Paul Nyquist, "an expert in neurology, to testify about issues related to whether the decision not to administer t-PA to the patient caused his injuries." *Def. David Kaplan, M.D.'s Opp'n to the Pl.'s Mot.* in Limine *to Limit Defs. Expert Witness* at 1-2 (Docket # 45). The Court agrees with Dr. Kaplan that the two designated experts respond to two different issues: 1) the standard of care applicable to emergency room physicians in ordering the

administration of t-PA; and, 2) whether the failure to administer t-PA caused harm to Mr. Samaan.  The Court DENIES Anton D. Samaan's motion to exclude expert witnesses.

On October 8, 2010, Dr. Kaplan moved for oral argument on the ground that Mr. Samaan's reply "contains a blatant inaccuracy." *Req. for a Hearing on Pl.'s Mot. to Exclude Dr. Kaplan's Expert* at 1 (Docket # 48).  Dr. Kaplan explained the asserted inaccuracy, namely that Mr. Samaan referred in his reply to experts that Dr. Kaplan had designated only during the panel process, not during the pending action.  *Id.*  Based on Dr. Kaplan's representation that he has not designated Drs. Kemmerer and Martin during this litigation, the Court has not considered the information about these non-designated experts in ruling on the pending motion, and therefore there is no need for Dr. Kaplan's counsel to argue a point he has won.

The Court DENIES Plaintiff's Motion to Limit Defendants' Expert Witnesses (Docket # 43) and it DENIES Defendant's Request for a Hearing on Plaintiff's Motion to Exclude Dr. Kaplan's Expert (Docket # 48).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2010