UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANTON K. SAMAAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09-cv-00656-JAW |
| | ) | |
| ST. JOSEPH HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT DAVID KAPLAN, M.D.'S MOTION *IN LIMINE* TO EXCLUDE A JULY 5, 2007 LETTER FROM ELSAYED HUSSEIN, M.D.**

The Court grants a motion *in limine* to exclude a physician letter on the ground that it is inadmissible under Rule 403 of the Federal Rules of Evidence.

**I.    STATEMENT OF FACTS**

On October 29, 2010, Defendant David Kaplan, M.D. moved *in limine* to exclude from evidence a letter dated July 5, 2007 from Elsayed Hussein, M.D. on the ground that "it is inadmissible hearsay, it remains unauthenticated, it comes from a person not designated as an expert witness on causation, it lacks foundation, it is irrelevant, it would be cumulative, and it is otherwise unreliable." *Def. David Kaplan, M.D.'s Mot.* in Limine *to Exclude July 5, 2007 Letter From Elsayed Hussein, M.D.* at 1 (Docket # 62) (*Def.'s Mot.*).  On November 18, 2010, Mr. Samaan objected, arguing that the letter is admissible. *Pl.'s Mem. in Opp'n. to Def. Kaplan's Mot.* in Limine *to Exclude July 5, 2007 Letter From Elsayed Hussein, M.D.* (Docket # 73) (*Pl.'s Opp'n.*).

The contested letter reads:

> To Whom It May Concern,
>
> Anton Samaa (sic) is a fifty-six year old patient of mine. He suffers from left side paralysis and severe depression resulting from a massive stroke on January 16, 2006. The symptoms of the stroke began at 11:20 a.m. on a flight from Egypt to New York. The patient was rushed to St. Joseph's Hospital at 12:40 a.m. following the emergency landing made by the captain in Maine at 12:10. The patient should have received a TPA shot which if given 3 hours window (sic) before 2:20 a.m. should have saved his left side from paralysis and prevented the suffering of the patient and his family. The above patient is very depressed and unable to work. If you have any questions feel free to contact me at [telephone number redacted].

*Def.'s Mot.* Attach. 1.

## II. DISCUSSION

Dr. Hussein's letter contains inadmissible hearsay and is inadmissible under Rule 403. FED. R. EVID. 403. The Court grants the Defendant's motion *in limine.*

Dr. Hussein's letter is hearsay since it is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," FED. R. EVID. 801(c), and hearsay testimony is generally inadmissible. FED. R. EVID. 802. Mr. Samaan says that though hearsay, the letter is admissible as a statement for purposes of medical diagnosis or treatment. *Pl.'s Opp'n* at 4-5 (citing FED. R. EVID. 803(4)). Mr. Samaan explains that Dr. Hussein's letter was written "at a time when he was applying for various medical and disability benefits, in order to have a payor for his future, ongoing medical treatment and expenses." *Id.* at 5. He states that the "diagnosis pertains specifically to the extent of such further treatment, and Mr. Samaan's need for financial assistance due to the extent of his disability and inability to work as a result." *Id.*

The following are not excluded by the hearsay rule, even though the declarant is unavailable as a witness:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

FED. R. EVID. 803(4). The first problem with the July 5, 2007 letter is that the source of the information in the letter is unclear. "To fall within the exception, the statement must be obtained from the person seeking treatment, or from someone with a special relationship to the person seeking treatment, such as a parent." 5 JOSEPH M. MCLAUGHLIN, JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FED. EVID. § 802.06[1] (2d ed. 2010). "This exception is premised on the theory that a patient's statements to her physician are likely to be particularly reliable because the patient has a self-interested motive to be truthful: She knows that the efficacy of her medical treatment depends upon the accuracy of the information she provides to the doctor." *United States v. Tome*, 61 F.3d 1446, 1449 (10th Cir. 1995). Here, the July 5, 2010 letter does not clarify the source of the patient history, whether it was from the patient, another medical record, an attorney, or a third party. As Mr. Samaan has not explained the source of the information in the letter, the Court cannot determine whether it falls within the medical diagnosis or treatment exception.

There are other problems under Rule 803(4). The Court is dubious that the recitation of the doctor's view of the potential efficacy of timely t-PA relates to Dr.

Hussein's medical diagnosis and treatment as required by the Rule. To the contrary, Dr. Hussein is discussing his view of the adequacy of another doctor's past treatment of Mr. Samaan. The letter does not explain how this information informed Dr. Hussein's medical diagnosis or treatment; in other words, how what happened (or did not happen) at St. Joseph illuminated Dr. Hussein's stroke diagnosis and treatment recommendations. As this history is not for the purpose of Dr. Hussein's medical diagnosis and treatment, the letter does not fit within the exception to the rule against the admission of hearsay evidence.

Even if admissible under Rule 803(4), the overriding problem with the letter is that the Court would not allow it under Rule 403. Through the benefit of an extensive *Daubert* hearing, the Court is now aware that whether the failure to administer timely t-PA more likely than not caused Mr. Samaan to suffer stroke symptoms he would not have suffered if he had received such an injection is a highly technical, complicated, and controversial issue. The Court heard extensive testimony from two proficient specialists and concluded that Mr. Samaan had not established that it was more likely than not the timely administration of t-PA would have benefited Mr. Samaan. *Order on* Daubert *Hearing* (Docket # 91). The admission of a physician letter, not susceptible to cross-examination, with a blanket, unexplained assertion that the timely administration of t-PA "should have saved his left side from paralysis and prevented the suffering of this patient and his family" would violate Rule 403 since its relevance would be substantially

4

outweighed by unfair prejudice to the Defendants, by confusion of the issues, and by the potential for misleading the jury. FED. R. EVID. 403.

## III. CONCLUSION

The Court GRANTS the Defendant David Kaplan, M.D.'s Motion *in Limine* to Exclude July 5, 2007 Letter From Elsayed Hussein, M.D. (Docket # 62).

SO ORDERED

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2011