# UNITED STATES DISTRICT COURT
## District of Maine

| | | |
|---|---|---|
| ANTON K. SAMAAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:09-cv-656-JAW |
| v. | ) | |
| | ) | |
| ST. JOSEPH HOSPITAL, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID KAPLAN, M.D. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON BILL OF COSTS

Prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in pertinent part: "[u}nless a federal statute, these rules, or a court order provides otherwise, costs . . .should be allowed to the prevailing party."   As determined by the Court and affirmed upon appeal, Defendants are the prevailing party in this case.  Defendants seek costs in the total amount of $7,164.69.  Concluding that the imposition of costs would work a substantial hardship in this case, the Clerk of Court DENIES Defendants' Bill of Costs.

The First Circuit has interpreted Rule 54(d) as creating a presumption in favor of the taxation of costs for the prevailing party. *Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir. 1988)  ("presumption inherent in Rule 54(d)"); see also *Am. Auto. Mfrs. Ass'n v. Comm'r, Mass. Dep't of Envtl. Prot.*, 31 F.3d 18, 28 (1st Cir. 1994) ("Prevailing parties are normally entitled to costs."); *In re Two Appeals Arising Out*

*of the San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d 956, 962 (1st Cir. 1993) ("[T]his negative discretion . . . operates in the long shadow of a background presumption favoring cost recovery for prevailing parties."). However, the First Circuit has also said that "a district court may…exercise its discretion to disallow a prevailing party's bill of costs in whole or in part…[if it] articulat[es] reasons." *In re Two Appeals*, 994 F. 2d at 963.   In addition, the Court "may take into account the limited financial resources of a plaintiff in assessing costs." *Papas*, 849 F.2d at 704; accord *Mulvihill v. Spalding Worldwide Sports, Inc.*, 239 F. Supp. 2d 121, 121 (D. Mass. 2002).

The burden is on the losing party to demonstrate why costs should not be awarded to the prevailing party.  *In re Ricoh Co., Ltd. Patent Litigation*, 661 F. 3d 1361, 1364 (Fed. Cir. 2011) [citing *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)].   Having reviewed the Defendants' Bill of Costs and the Plaintiff's Objection to Defendants' Bill of Costs, the Plaintiff has more than met his burden.

Plaintiff's argument that the imposition of costs upon him would cause an undue hardship upon him is compelling in this case.  Samaan is over 60 years old, is disabled, has not received an income since early 2006, and is financially dependent on public benefits and his family for his living expenses. *Pl.'s Response to Bill of Cost* (Docket No. 153).  Given these facts and the large amount of costs sought in this case, I conclude that the imposition of costs in this case would "work a significant hardship on the plaintiff." Mulvihill, 239 F. Supp. 2d at 121.

Costs in favor of the Defendants are DENIED.

IT IS SO ORDERED.

/s/ Christa K. Berry
Clerk, U.S. District Court

Dated this 9th day of February, 2012